# IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS

## LAREDO DIVISION

| | | |
|---|---|---|
| **ELIZABETH TENORIO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO: 5:23-CV-00079** |
| | § | **JURY TRIAL DEMANDED** |
| **HOBBY LOBBY STORES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, Elizabeth Tenorio, Plaintiff, complaining of and about Hobby Lobby Stores, Inc., Defendant, and for causes of action respectfully show unto the Court the following:

### I. PARTIES

1. Plaintiff, Elizabeth Tenorio, is an individual who resides in Laredo, Webb County, Texas.

2. Defendant, Hobby Lobby Stores, Inc. is a For-Profit Corporation, and has entered an appearance in this case.

### II. VENUE AND JURISDICTION

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest

and costs.

### III. FACTS

4. On February 4, 2023, Plaintiff visited the Hobby Lobby store located at 2450 Monarch Drive in Laredo, Texas, to exchange a previously purchased item.

5. As she entered the vestibule of the store, Plaintiff encountered a stack of small doormats placed directly on the floor, adjacent to the automatic sliding glass entry doors.

6. The mats were placed without any display fixture or platform and were located in an expected pedestrian path used by store patrons.

7. The vestibule was filled with other merchandise arranged to attract customer attention toward the product displays.

8. Other merchandise in the vestibule was prominently displayed and intended to visually engage customers, drawing their attention away from the floor.

9. The doormats were stacked in a pile of at least three, creating a low-profile obstruction that made it difficult to discern their combined height while walking.

10. As Plaintiff entered, her attention was naturally focused on the store's larger eye level product displays and not the floor beneath her.

11. Plaintiff tripped over the stacked mats and fell onto her left knee and right elbow.

12. While laid out on the floor from the fall, the automatic door closed on her right hand, resulting in a dislocated finger and further injury.

13. Plaintiff suffered significant injuries requiring medical care and continues to experience pain and impairment.

## IV. CAUSES OF ACTION

## Count 1 - PREMISES LIABILITY

14. The foregoing statement of facts are incorporated herein for all purposes.

15. At the time of the incident, Plaintiff was an invitee lawfully on the premises.

16. Defendant owed Plaintiff a duty to exercise ordinary care to make safe any unreasonably dangerous conditions or to warn of their existence.

17. The stacked doormats constituted a dangerous condition that posed a foreseeable risk of harm to patrons.

18. Defendant either created the hazard or knew or should have known of its existence and failed to remedy or warn of the danger.

19. The hazard was not open and obvious due to its location, the visual distractions in the vestibule and the customer's expected focus on other merchandise. Moreover, the doormats were stacked in a low-profile pile, and the combined height was difficult to perceive while walking, creating a concealed tripping hazard and an unreasonably dangerous condition.

20. Defendant breached its duty by:

    a. Allowing the mats to remain on the floor in a walkway;

    b. Failing to display merchandise safely;

    c. Failing to inspect or correct the hazard; and

    d. Failing to provide warnings or barriers.

21. Defendant's breach was a proximate cause of Plaintiff's injuries and damages.

22. Accordingly, Plaintiff seeks damages within the jurisdictional limits of the Court.

## V. DAMAGES

23. As a result of the Plaintiff's bodily injuries, which were proximately caused by Defendant's negligence, Plaintiff is entitled to reasonable and proper compensation for the following legal damages:

   a. Medical expenses in the past;

   b. Medical expenses in the future;

   c. Pain and suffering in the past;

   d. Pain and suffering in the future;

   e. Mental anguish in the past;

   f. Mental anguish in the future;

   g. Physical impairment in the past;

   h. Physical impairment in the future;

   i. Disfigurement in the past;

   j. Disfigurement in the future.

24. Plaintiff seeks actual damages in an amount within the jurisdictional limits of this Court. Plaintiff also sues for pre-judgment and post-judgment interest on the items of damages allowed by law.

## VI. JURY DEMAND

25. Plaintiff demands a jury trial on all issues so triable.

## VII. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that she be awarded a judgment against Defendant for the following:

   a. Medical expenses in the past;

   b. Medical expenses in the future;

c. Pain and suffering in the past;

d. Pain and suffering in the future;

e. Mental anguish in the past;

f. Mental anguish in the future;

g. Physical impairment in the past;

h. Physical impairment in the future;

i. Disfigurement in the past;

j. Disfigurement in the future;

k. Pre-judgment and post-judgment interest;

l. Court costs;

m. All other relief to which Plaintiff is entitled.

          Respectfully submitted,

          **Gonzalez Druker Law Firm, PLLC**
          1119 Houston Street
          Laredo, Texas 78040
          T: (956) 728-9191
          F: (956) 452-9990
          E-service: firm@gdlfirm.com

          By: /s/ Uriel Druker
              Uriel Druker
              Texas Bar No. 24044867
              Federal Bar No. 801893
              Marc Gonzalez
              Texas Bar No. 24049142
              Federal Bar No. 581498
              Cristina Alva
              Texas Bar No. 24073846
              Federal Bar No. 3070407

          **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on April 24, 2025, the foregoing Plaintiff's Amended Original Petition was electronically filed, as required by the United States District Court for the Southern District of Texas, using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following, who are indicated to be registered ECF filers in the United States District Court for the Southern District of Texas:

**Via Email: dwalla@mayerllp.com**
  Douglas M. Walla
  MAYER, LLP
  750 North Paul Street, Suite 700
  Dallas, Texas 75201


                              */s/Uriel Druker*
                              Uriel Druker